HARRY M. LEVY, Appellant, *v.* JOSEPH CORN, Respondent.
(Appeal No. 1.)

First Department, March 5, 1920.

**Trial — verdict — order setting verdict aside erroneous — exhibits — right of jury to have exhibits.**

It was error for the court to set aside a verdict in favor of the plaintiff on any of the grounds specified in section 999 of the Code of Civil Procedure where the case presented contested questions of fact, and such errors as were committed in the admission of evidence were in the defendant's favor, and the jury were justified in refusing to believe the defendant's witnesses.

The right of a jury in a civil action to take the exhibits with them to the jury room rests in the sound discretion of the court.

Where the court has given the jury permission to take any of the exhibits with them, there is no impropriety or irregularity in one of the jurors asking for and receiving from the attorney for the plaintiff exhibits introduced by the defendant, and no prejudice could result to the defendant therefrom.

APPEAL by the plaintiff, Harry M. Levy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of January, 1919, setting aside a verdict and directing a new trial.

*Walter H. Gilpatric* of counsel [*Edward M. Bassett* and *Nathaniel Fishman* with him on the brief; *Bassett, Thompson & Gilpatric*, attorneys], for the appellant.

*Joseph A. Seidman*, for the respondent.

PAGE, J.:

The issues of fact in this case were comparatively simple, and could have been tried in two days had the evidence been kept within the issues. During the trial the real issues in the case were largely ignored and by reason of the wide latitude given to the defendant's counsel a large amount of incompetent, immaterial and irrelevant testimony was adduced, and the trial consumed nine days. The trial justice submitted the case to the jury with a very fair and clear charge and a verdict was returned for the plaintiff for $3,300. The defendant's

attorney moved to set aside the verdict upon the grounds specified in section 999 of the Code of Civil Procedure, and upon all the exceptions taken on the trial and also upon the ground that certain exhibits had been given to the jury by plaintiff's counsel without the knowledge or consent of the defendant or his counsel. After considerable discussion of the latter ground, during which some members of the jury were interrogated, the justice set aside the verdict because the exhibits were given to the jury. The order, however, stated that it was granted on each of the grounds specified in section 999 of the Code as well as upon the latter ground. Upon this appeal the defendant's attorney argued that the verdict was against the evidence and the weight of the evidence and upon exceptions taken at the trial, which has rendered necessary a careful examination of the voluminous record.

The case presented contested questions of fact. If the jury believed the plaintiff's witnesses, the plaintiff was clearly entitled to a verdict for at least the sum of $3,300. Such errors as were committed on the objections to the admission of testimony were in the defendant's favor. The jury was justified in refusing to accept the testimony of the defendant's witnesses. The verdict should not have been set aside on any of the grounds specified in section 999 of the Code, nor should the verdict have been set aside on the ground that certain exhibits had been taken into the jury room.

Whether exhibits are to be taken by the jury rests in the sound discretion of the trial judge. In this case the justice before any request was made for exhibits stated that " if the jury want any of the exhibits they may have them." The foreman then stated: " We want the contract and minute book only at this time." The tenth juror asked the attorney for the plaintiff for " the other two papers in your hand." These were two of the defendant's exhibits. The plaintiff's attorney handed them to the juror. There was no impropriety or irregularity in the plaintiff's attorney complying with this request of a juror. The justice had given permission to the jury to have any of the exhibits they wanted. The consent of the defendant was not necessary. Even in a criminal case, where exhibits can be taken into the jury room " only upon the consent of the defendant and the counsel for the people " (Code Crim. Proc.

§ 425), and the district attorney without the defendant's knowledge or consent hands the exhibits to the jury, and they are taken into the jury room, a verdict against the defendant will not be set aside unless it can be shown that the defendant was thereby prejudiced. (*People* v. *Dolan*, 186 N. Y. 4, 15.) These exhibits were defendant's exhibits. It is hard to conceive how the defendant would be prejudiced by the jury taking exhibits which he had offered in support of his case.

The order setting aside the verdict should be reversed, with costs to the appellant, and judgment directed to be entered thereon in favor of the plaintiff.

CLARKE, P. J., DOWLING, SMITH and PHILBIN, JJ., concur.

Order reversed, with costs, verdict reinstated and judgment ordered to be entered thereon, with costs.